FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 31 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02248-BNB

PAUL CARNEY,

    Applicant,

v.

TRAVIS TRANI, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Applicant Paul Carney is a prisoner in the custody of the Colorado Department of Corrections at the Limon, Colorado, Correctional Facility. Mr. Carney initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Carney is challenging the validity of his conviction and sentence in case number 80CR660 in the Adams County District Court.

In an order filed on October 22, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On November 10, 2008, Respondents filed their Pre-Answer Response. Mr. Carney filed an "Applicant's Response to Respondents' Pre-Answer" (Reply), on December 8, 2008.

The Court must construe liberally the Application and Reply filed by Mr. Carney because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

Mr. Carney was convicted by a jury of one count of first degree murder and accessory to murder on October 15, 2002, and he was sentenced to twenty years to life in prison on November 12, 2002. The judgment of conviction was affirmed on direct appeal. *See State of Colo. v. Carney*, No. 02CA2585 (Colo. App. Mar. 23, 2006) (unpublished). On November 6, 2006, the Colorado Supreme Court denied Mr. Carney's petition for writ of certiorari on direct appeal. *See Carney v. State of Colo.*, No. 06SC303 (Nov. 6, 2006).

Mr. Carney also filed a Colo. R. Crim. P. 35(c) postconviction motion in the trial court on February 27, 2007. (Pre-Answer, Ex. A, Part 1 at 30.) The trial court denied relief in the postconviction motion, and the Colorado Court of Appeals affirmed the denial on August 21, 2008. *See State of Colo. v. Carney*, No. 07CA1310 (Colo. App. Aug. 21, 2008) (unpublished).

Mr. Carney asserts four claims for relief in his Application, including, two improper jury instructions claims, an ineffective assistance of counsel claim, and a denial of an evidentiary hearing claim.

2

Respondents concede that the instant action is timely pursuant to 28 U.S.C. § 2244(d). Respondents, however, contend that Claims Three and Four are not properly exhausted. Respondents also contend that Claim Four was not raised as a federal constitutional claim in state court and is procedurally barred. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional

3

claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Claims Three and Four are not exhausted because the claims were not presented to the Colorado Supreme Court in a petition for writ of certiorari. Mr. Carney counters that he is not required to present his claims to the Colorado Supreme Court in a petition for writ of certiorari in order to exhaust state remedies because, under Colorado Appellate Rule 51.1, there is no need to seek such review. The Court agrees with Mr. Carney.

In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under Colorado law,

> [i]n all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). Justice Souter, in his concurring opinion in *O'Sullivan*, provides an example of when state supreme court review is unavailable. *O'Sullivan*, 526 U.S. at

849. The language Justice Souter quotes is taken from a South Carolina Supreme Court decision in *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454 (1990), and mirrors the language in Rule 51.1, in stating

> a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

*In re Exhaustion of State Remedies*, 321 S.C. at 564. The Court, therefore, finds that Colo. App. R. 51.1 makes review in the Colorado Supreme Court unavailable for the purposes of the exhaustion requirement.

Furthermore, four circuit courts have concluded that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court is not aware of any case that reaches a contrary conclusion.

"[T]here is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *See O'Sullivan*, 526 U.S. at 847-48. If a state articulates that a certain avenue for relief is not part of its standard appellate review process, a defendant is not required to pursue that avenue in

5

order to exhaust state remedies. *See O'Sullivan,* 526 U.S. at 844-847. In adopting Colo. App. R. 51.1, the State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. Mr. Carney, therefore, has exhausted Claim Three.

Respondents concede that if Colo. App. R. 51.1 eliminates the need to seek certiorari review in the Colorado Supreme Court in order to exhaust state remedies Claims One, Two, and Three are exhausted. Respondents argue, however, that Claim Four was not presented to the Colorado Court of Appeals as a constitutional claim and is procedurally defaulted because state law would not permit Mr. Carney to "belatedly recast it as a constitutional claim now." (Pre-Answer at 16.)

Mr. Carney asserts, in Claim Four, that he was denied his right to a fair appeal when he was not granted a hearing and allowed the opportunity to prove his claims of ineffective assistance of counsel in his postconviction motion. (Reply at 4.) Mr. Carney further contends that because he was prevented from bringing his ineffective assistance of counsel claim in his direct appeal he has a due process right to a hearing on the issue in his postconviction motion. (Reply at 4.)

The Court has reviewed Mr. Carney's opening brief on appeal to the Colorado Court of Appeals. Mr. Carney has failed under *Duncan v. Henry*, 513 U.S. 364, 366 (1995), to apprise the state court that his evidentiary hearing claim was not only a violation of state law, but also was a violation of his due process rights under the Fourteenth Amendment. Like the applicant in *Duncan*, Mr. Carney specifically raises U.S. constitutional deprivation claims in the other three claims that he raised in his

opening brief in state court, but he did not refer either to a due process violation under the Fourteenth Amendment or a violation of his U.S. constitutional rights with respect to his evidentiary hearing claim. Furthermore, the Colorado Court of Appeals confined its analysis to the application of state law. **Carney**, No. 07CA1310 at 8.

Mr. Carney also asserts in his Reply that because he cited to **Massaro v. U.S.**, 538 U.S. 500 (2003), in his opening brief in his appeal of his postconviction motion, the Colorado Court of Appeals was on notice of his intent to raise a due process right to a hearing on his ineffective assistance of counsel claim. **Massaro** does not stand for the proposition that he has a due process right to an evidentiary hearing. Furthermore, none of the Colorado state law cases to which he cites in the opening brief stand for the proposition that he has a due process right to an evidentiary hearing regarding ineffective assistance of trial counsel. In **Thomas**, the Colorado Supreme Court stated that the court neither was holding nor implying that every person filing a Rule 35(c) postconviction motion on the ground of ineffective assistance of counsel is entitled to an evidentiary hearing. **Thomas**, 867 P.2d at 886 n. 13. Therefore, the Court finds that Claim Four is not exhausted.

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. **Steele v. Young**, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." **See Hickman v.**

*Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Carney's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. See *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. See *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Mr. Carney no longer has an adequate and effective state remedy available to him because the Colorado Rules of Criminal Procedure prohibits successive

postconviction Rule 35 motions with limited exceptions that are not applicable to the claim Mr. Carney failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI) & (VII). Mr. Carney, nonetheless, fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider Claim Four will result in a fundamental miscarriage of justice. Therefore, the Court finds that Claim Four is procedurally barred and must be dismissed.

III. Conclusion

Based on the above findings, Claim Four will be denied as procedurally barred. Claim One through Three will be drawn to a district judge and to a magistrate judge for further review of the merits. Accordingly, it is

ORDERED that Claim Four is denied and dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claim One through Three and the action shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 30 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02248-BNB

Paul Carney
Prisoner No. 115425
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

Clemmie Parker Engle
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/31/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk